## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DAN MITCHELL

           Plaintiff,

    v.

ASSET ACCEPTANCE LLC,

           Defendant,

)
)
)
)
)
)
)
)

```
FILED: APRIL 16, 2008
08CV2158     PH
JUDGE DOW
MAGISTRATE JUDGE BROWN
```

    JURY TRIAL DEMANDED

## COMPLAINT

### INTRODUCTION

1.    Plaintiff, Dan Mitchell ("Plaintiff") brings this action to secure redress against an unlawful credit and collection practice engaged in by Defendant Asset Acceptance LLC ("Asset Acceptance") that violates multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") and state law.

2.    Plaintiff complains that Asset Acceptance knowingly and systematically files time barred dates in Illinois state court.  A copy of the state court complaint filed in Asset Acceptance's name against Plaintiff is attached hereto as Exhibit 1, hereinafter (the "state court complaint").

3.    The fact that Asset Acceptance's claim against Plaintiff is barred by the Illinois 5 year statute of limitations is apparent on the face of Asset Acceptance's state court complaint. *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *See also Rawson v. Credigy Receivables, Inc.*, 05 C  6032, 2006 LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (Plaintiff successfully stated a violation of the FDCPA for filing

suit on debt beyond the Illinois 5 year statute of limitations where debt collector did not attach a

contract to the state court complaint and did not produce one in support of its motion to dismiss

the federal complaint.); *See also Weniger v. Arrow Financial Services*, No. 03 C 6213,2004 U.S.

Dist. LEXIS 23172 (N.D. Ill. Nov. 17, 2004) (same).

4.     On information and belief, or about 2007, Asset Acceptance began a

practice of filing complaints in Illinois' state courts against consumers without attaching any

contract to support the underlying debt incurred by the consumer.

5.     If in the state court proceeding Asset Acceptance has not obtained a copy

of a purported underlying contract allegedly entered into by the consumer with his or her original

creditor by the trial date, Asset Acceptance will on information and belief dismiss the case

without prejudice under 735 ILCS 5/2-1009(a).  *See e.g. Dobson v. Asset Acceptance LLC*, 07 C

6203, Dkt. 1, Complaint ¶ 17 (N.D. Ill. Nov. 2, 2007).

6.     On information and belief Asset Acceptance will then attempt to obtain

the written contract, if one exists, and if obtained inform the consumer that they will file suit

again against them on the same debt.  *See id.* ¶ 19.

7.     Such conduct on the part of Asset Acceptance alleged in the above

paragraph smacks of gamesmanship and is an abuse Illinois' voluntary dismissal rule.  *See In re

Wingerter*, 2007 Bankr. LEXIS 3330 * 32 (Bkr. N.D. Ohio, Oct. 1, 2007) ("A policy of filing a

proof of claim without having possession of the supporting documents, but withdrawing the

claim if the debtor subsequently files an objection to the claim's validity smacks of

gamesmanship. . . .").

8.     On information and belief Asset Acceptance files lawsuits against the

consumer without obtaining any contract signed by the consumer regarding the alleged

underlying debt because it is more cost effective for Asset Acceptance and Asset Acceptance knows that a significant amount of the judgments it obtains in state court debt collection cases are obtained by default.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

10.     Venue and personal jurisdiction over Asset Acceptance in this District is proper because:

a.      Plaintiff resides in the District and was served with the state court complaint while residing in the District;

b.      Asset Acceptance transacts business in the District and maintains an office at 55 E. Jackson Blvd., 16th Floor, Chicago, Illinois 60604; and

c.      Asset Acceptance's collection activities occurred within the District.

**PARTIES**

11.     Plaintiff is an individual who resides in the Northern District of Illinois.

12.     Asset Acceptance is a Limited Liability Company organized and existing under the laws of the State of Delaware and doing business at P.O. Box 2040 and P.O. Box 2041, Warren, Michigan 48090, with its principal place of business located at 28405 Van Dyke, Warren, Michigan 48093.  For service of process Asset Acceptance's registered agent and address is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

13.     Asset Acceptance is engaged in the purchase and collection of defaulted and charged-off accounts receivable.

14.     According to page 20 of the SEC Form 10-Q filed August 7, 2007, by Asset Acceptance's parent Asset Acceptance Capital Corp., "During the six months ended June 30, 2007, we acquired charged-off consumer receivable portfolios with an aggregate face value of $1.9 billion at a cost of $74.8 million, or 3.95% of face value, net of buybacks".

15.     Asset Acceptance buys debt portfolios for pennies on the dollar and then seeks to enforce them at the full amount of the debt plus interest against the consumer, as one method of debt collection, by filing suit in state court.

16.     Asset Acceptance routinely files thousands of lawsuits against consumers per year in the Circuit Court of Cook County, Illinois, First Municipal Department alone in Asset Acceptance's name seeking to collect a debt purportedly owed by the consumer.

17.     Asset Acceptance is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.  *See also Asset Acceptance Corp. v. Robinson*, 244 Mich. App. 728, 735, 625 N.W.2d 804, 808 (Mich. App. 2001) (Asset Acceptance conceded that "it is a debt collector under the FDCPA.").

18.     Asset Acceptance is a "collection agency" as defined in the Illinois Collection Agency Act, as amended effective January 1, 2008.

**FACTS**

19.     On or about January 3, 2008, Asset Acceptance, represented by Blitt & Gains PC, filed suit against Plaintiff in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois, to collect a purported credit card debt which was alleged to have been originally owed to Providian Bank.  The state court complaint was assigned case number 08 SC K 104. Exhibit 1.

20.     Asset Acceptance's exhibit attached to the state court complaint states that the date of last payment on the alleged debt was, "09/18/00".

21.     On information and belief, it is a true statement that the date of last payment on the debt that Asset sued Plaintiff on was, "09/18/00".

22.     Plaintiff obtained at his expense legal counsel and his counsel filed a motion to dismiss the state court complaint arguing that it was barred on its face by the Illinois 5 year statute of limitations and on April 10, 2008, the state court entered an order dismissing Asset Acceptance's state court complaint with prejudice.  A copy of the Order is attached hereto as Exhibit 2.

23.     On information and belief Asset Acceptance instructed Blitt & Gains PC to dismiss the case with prejudice so to avoid having the state court judge rule on Plaintiff's dispositive motion and/or Asset Acceptance instructed Blitt & Gains PC to dismiss the state court case as Asset Acceptance was unable to obtain any documentation prior to the April 10, 2008, hearing on the motion to dismiss demonstrating that Plaintiff was liable on the debt it sued him upon.

24.    The alleged debt that Asset Acceptance sued Plaintiff upon appears to be in the Plaintiff's name only, not a business, and therefore the alleged debt was incurred for personal, family or household purposes.

## COUNT I – FDCPA § 1692e CLAIMS

25.    Plaintiff incorporates paragraphs 1-24 above.

26.    15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt. . . .
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27.    In the state court complaint, Exhibit 1, above the "Amount claimed" is the word "contract" however, no contract was attached to which if a debt collector desired to proceed under a contract theory it must under Illinois law attach a copy of the parties' contract. Ill.Rev.Stat.1989, ch. 110, par. 2-606.

28.    Under 735 ILCS 5/13-206 for there to be a "written contract" the writing must be complete in that it (1) identifies the parties, (2) states the date of the agreement, (3)

contains the signatures of the parties, (4) and sets forth all terms of the parties' agreement. *Brown v. Goodman*, 147 Ill. App. 3d 935, 940, 498 N.E.2d 845 (1st Dist. 1986); *Clark v. Western Union Telegraph Co.,* 141 Ill. App. 3d 174, 176, 490 N.E.2d (1st Dist. 1986); *Weaver v. Watson*, 130 Ill App. 3d 563, 567, 474 N.E.2d 759, 762 (5th Dist. 1984); *Munsterman v. Illinois Agricultural Auditing Association,* 106 Ill. App. 3d 237, 238-39, 435 N.E.2d 923, 925 (3rd Dist. 1982); *O.K. Electric Co. v. Fernandes,* 111 Ill. App. 3d 466, 444 N.E.2d 264, 267, 67 Ill. Dec. 225 (Ill. App. Ct. 1982); *Plocar v. Dunkin' Donuts of America, Inc.,* 103 Ill. App. 3d 740, 748, 431 N.E.2d 1175, 59 Ill. Dec. 418 (1st. Dist. 1981); *Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill. App. 3d 39, 73, 387 N.E. 831, 838 (1st Dist. 1979). Neither Asset's Complaint nor its affidavit and exhibit attached to its Complaint create a "written contract."

29.     In order to comply with the Truth in Lending Act (TILA), 15 U.S.C. § 1642, the original lender must have a signed request or application, or in absence of such writing, there must be a record detailing the date and circumstances of the request or application for credit. 15 U.S.C. § 1642.

30.     Furthermore, under federal law, "[i]n any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met." 15 U.S.C. § 1643(b).

31.     The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

32.     Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.,* 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D.Ill., October 11, 2006). This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

33.     Asset Acceptance's conduct of filing and serving Plaintiff with the state court complaint violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

## COUNT II – FDCPA § 1692f

34.     Plaintiff incorporates paragraphs 1-24 above.

35.     15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

36.     Asset Acceptance conduct of filing and serving Plaintiff with the state court complaint violated 15 U.S.C. § 1692f.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

37.     Plaintiff incorporates paragraphs 1-24.

38.     Asset Acceptance is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*., as amended effective January 1, 2008.

39.     By filing suit based on a time-barred debt, Asset Acceptance violated the following pertinent provisions of 225 ILCS 425/9(a), which defines violations of the Collection Agency Act, as follows:

\* \* \*

(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .

\* \* \*

(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. . . .

40.    Plaintiff has suffered actual damages in the amount of costs and attorney's fees expended to obtain the dismissal with prejudice of Asset Acceptance's state court complaint.

41.    Asset Acceptance's conduct alleged here was willful and malicious.

### COUNT IV – ILLINOIS CONSUMER FRAUD ACT

42.    Plaintiff incorporates paragraphs 1-24.

43.    "[T]he Illinois Supreme Court has held that the same acts that are violations of the ICAA [Illinois Collection Agency Act] may also be violations of the ICFA [Illinois Consumer Fraud Act]." *Thomas v. Arrow Fin. Servs., LLC*, 05 C 5699, 2006 U.S. Dist. LEXIS 63156 \* 17 (N.D. Ill. Aug. 17, 2006)(*citing People ex rel. Daley v. Datacom Sys. Corp.*, 146 Ill. 2d 1, 585 N.E.2d 51, 62, 165 Ill Dec, 655 (Ill 1991)).

44.    Asset Acceptance filed the state court complaint against Plaintiff with the intent that he would rely on the allegations in the state court complaint and pay it money.

45.    Plaintiff relied on the statements made by Asset Acceptance in the state court complaint and suffered actual damages in the amount of costs and attorney's fees.

46.    Asset Acceptance did not have a legal right to file a time barred debt collection lawsuit against Plaintiff.

47.    Such filing of time barred lawsuits offends public policy, is unscrupulous, and causes substantial injury to already financially stressed consumers.

48.     Asset Acceptance's conduct alleged here was willful and malicious.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of

Plaintiff and against Asset Acceptance for:

(1)     Statutory damages;

(2)     Actual damages;

(3)     Punitive damages;

(2)     Attorney's fees, litigation expenses and costs of suit; and

(3)     Such other relief as the Court deems proper.


Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL  61261
(815) 986-7303 (TEL)


**JURY DEMAND**

Plaintiff demands a trial by jury.


Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. Ste. 3714

Chicago, Illinois 60601
(312) 238-9820 (TEL)

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL  61261
(815) 986-7303 (TEL)

## NOTICE OF LIEN

Please be advised that the Plaintiff's counsel claims a lien upon any recovery herein for

1/3 or such an amount as the Court awards.


Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL  61261
(815) 986-7303 (TEL)

```
08CV 2158 PH
JUDGE DOW
MAGISTRATE JUDGE BROWN
```

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

**08 SCK 104**

ASSET ACCEPTANCE, LLC.
           Plaintiff

vs.

DANIEL W MITCHELL

           Defendant

No.

Return Date: JAN 3 1 2008

contract
Amount claimed: $3,509.06
Plus court costs

## COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.    The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2.    The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $3,509.06.

3.    Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

    WHEREFORE, Plaintiff prays for judgment against the Defendant(s) in the amount of $3,509.06 plus interest and court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900

This is an attempt to collect a debt and any information will be used for that purpose.

07-35708-0
0250-00

1 OF 3

STATE OF MICHIGAN )
                    )    ss

COUNTY OF MACOMB )

ASSET ACCEPTANCE LLC          )
                                )
       Plaintiff,              )
                                )
vs                                 )
                                )        AFFIDAVIT
DANIEL W MITCHELL           )
                                )
                                )
       Defendant,           )

I, __Deanna Jason_____ being first duly sworn deposes and states:

That I am the Supervisor of ASSET ACCEPTANCE LLC, a Limited Liability company organized and existing under the laws of the State of Delaware and doing business at P.O. BOX 2041, WARREN, MI 48090.

That there is justly due and owing on the account by the Defendant to the Plaintiff, the sum of money set out in the attached statement of account amounting to $2422.91 representing the principal and $1086.15 representing accrued interest to date.

Redacted          That the said account originally with PROVIDIAN BANK / , account number ███████6267, has been purchased by ASSET ACCEPTANCE LLC, who now owns said account and has all rights connected therewith including the right to institute this action.

That we have been unable to determine if the Defendant is in the military service of the United States of America. Further, we are unable to determine if the Defendant is entitled to rights and privileges provided under the Servicemembers Civil Relief Act.

Dated this 31 st day of July, 2007.

_Deanna Jason_____
Supervisor

Subscribed and sworn to before me, a Notary Public for the State of Michigan, the 31 st of July, 2007 as certified by my hand as set forth immediately below.

_C Underwood_____
Notary Public

C UNDERWOOD
Notary Public - Michigan
Wayne County
My Commission Expires Feb 12, 2012
Acting in the County of MACinis

2 OF 3

13083843
675 BLITT & GAINES PC

ASSET ACCEPTANCE LLC

Statement of Account

ASSIGNEE OF:          PROVIDIAN BANK /

NAME:                 DANIEL W MITCHELL

ADDRESS:          ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    Redacted

ASSET ACCEPTANCE LLC Account #          13083843

Original Lender Account #          ▮▮▮▮▮▮▮6267    Redacted

Purchase Date          07/17/03

Principal Amount          2422.91

Purchased Interest          206.91

Interest After Purchase          879.24

_____

Total Balance          3509.06

Interest Rate          9.000

Date of Charge off          04/23/01

Date of Last Payment          09/18/00

Dated this 31st day of July, 2007
Delaware Corporation doing business at
P.O. Box 2040
Warren, MI  48090

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

3 OF 3

13083843
675 BLITT & GAINES PC

# EXHIBIT 2

IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

Gen No: **NO. 08 SCK 04**

| ASSET ACCEPTANCE, LLC. | VS. | DANIEL W MITCHELL |
|---|---|---|

Judge. Sullivan or Larson        Court Reporter:        Pltf Atty: Blitt & Gaines

Deputy Clerk:            A copy of this order should be sent to:            Deft Atty:

Plaintiff Present in Open Court _X_ Yes ___ No            Defendant Present in Open Court ___ Yes ___ No

**ORDER**

___ CONTINUANCE __ JUDGMENT __ MISCELLANEOUS

Clerk of the Circuit Court
Kane County, IL

**THIS CAUSE** coming to be heard upon the return date or a subsequent initial status hearing, and the Court having been fully advised of the status

APR 1 0 2008

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

FILED        41
ENTERED

A Judgment is to enter, by:

_____    Default / Trial ✓ Hearing / Admission / Proof of Damages

In favor of **ASSET ACCEPTANCE, LLC**. and shall enter versus ___ **DANIEL W MITCHELL**
in the amount of $**3,509.06** plus costs.

_____  ✓This matter is dismissed, by Plaintiff,
            _____ without prejudice with leave to reinstate for lack of service.
            _____ without prejudice with leave to reinstate pursuant to payment plan.
            ✓ with prejudice
_____  Defendant(s) **DANIEL W MITCHELL** is (are) granted _____ days to answer or otherwise plead.
_____  Alias / Summons / Citation / Rule to show cause / to issue returnable _____
_____  The case is continued for status of pleadings to _____, 20____.

_____  Other _____

_____

_____

April 10, 2008

Stephen Sullivan
_____
Judge

Blitt & Gaines, P.C.
Attorney for Plaintiff
661 Glenn Ave.
Wheeling, IL 60090
(312) 920-0620
07-35708-0